UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEXCEL PHARMA TECHNOLOGIES LTD. and DEXCEL LTD., <br><br> Plaintiffs, <br><br> v. <br><br> APOTEX CORP. and APOTEX INC., <br><br> Defendants. | No. _____ <br><br> Subpoenas Issued from the U.S. District Court for the District of New Jersey in Civil Action No. 17-cv-2423 (SDW)(LDW) |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO QUASH DEFENDANTS' SUBPOENAS SERVED ON D'VORAH GRAESER, GRAESER ASSOCIATES INTERNATIONAL INC. AND DR. D. GRAESER LTD. UNDER FED. R. CIV. P. 45(d)(3)(A)(iii)**

## **TABLE OF CONTENTS**

I. FACTUAL BACKGROUND ........................................................................................... 1

    A. The Underlying New Jersey Action .................................................................... 1

    B. The Subpoenas Served by Defendants ................................................................ 2

II. ARGUMENT ................................................................................................................... 3

    A. Dexcel's Motion to Quash is Properly Before This Court ................................... 3

    B. The Subpoenas Require Graeser to Disclose Dexcel Privileged Information and Must Therefore be Quashed Under FED. R. CIV. P. 45(d)(3)(A)(iii) ............ 4

        1. Overview of Rule 45(d)(3)(A)(iii) ........................................................... 4

        2. Apotex's Subpoenas Must be Quashed for Improperly Seeking Information Protected by the Patent-Agent Privilege ............................... 5

            (a) The Documents and Communications Sought by Apotex Are Privileged, and Thus Not Properly Discoverable ............................ 6

            (b) Dr. Graeser's Expected Testimony Concerning Her Work in Connection with the Patents-in-Suit, and Related Communications with Dexcel, are Also Privileged and Not Properly Discoverable ........................................................................ 6

        3. Apotex's Subpoenas Must be Quashed for Improperly Seeking Information Protected by the Attorney-Client Privilege ............................ 7

        4. The Documents and Communications Sought by the Apotex Subpoenas Have Been Found by Courts to Constitute Non-Discoverable Privileged Information ..................................................... 8

III. CONCLUSION ................................................................................................................ 9

## TABLE OF AUTHORITIES

**Cases**

*Apex Mortg. Corp. v. Great N. Ins. Co.*,
   No. 17-3376, 2018 WL 318481 (N.D. Ill. Jan. 8, 2018) .................................................. 4

*Buyer's Direct Inc. v. Belk, Inc.*,
   No. 12-00370, 2012 WL 1416639 (C.D. Cal. Apr. 24, 2012) ......................................... 8

*Earthy, LLC v. BB&HC, LLC*,
   No. 16-cv-4934, 2017 WL 4512761 (N.D. Ill. Oct. 10, 2017) ........................................ 4

*Games2U, Inc. v. Game Truck Licensing, LLC*,
   No. 13-00053, 2013 WL 4046655 (D. Ariz. Aug. 9, 2013) ............................................ 7

*Haines v. Liggett Group, Inc.*,
   975 F.2d 81 (3d Cir. 1992) ............................................................................................. 3

*In re Queen's Univ. at Kingston*,
   820 F.3d 1287 (Fed. Cir. 2016) ............................................................................. 4, 5, 8

*In re Spalding Sports Worldwide, Inc.*,
   203 F.3d 800 (Fed. Cir. 2000) ........................................................................................ 9

*McCook Metals L.L.C. v. Alcoa Inc.*,
   192 F.R.D. 242 (N.D. Ill. 2000) ..................................................................................... 9

*Mendenhall v. Barber-Greene Co.*,
   531 F. Supp. 948 (N.D. Ill. 1981) ................................................................................... 9

*Minnesota Sch. Bds. Assoc. Ins. Trust v. Employers Ins. Co. of Wausau*,
   183 F.R.D. 627 (N.D. Ill. 1999) ..................................................................................... 3

*Mold-Masters Ltd. v. Husky Injection Molding Sys., Ltd.*,
   No. 01 C 1576, 2001 WL 1268587 (N.D. Ill. Nov. 15, 2001) ........................................ 8

*Ossola v. Am. Express Co.*,
   149 F. Supp. 3d 934 (N.D. Ill. 2015) ............................................................................. 3

*Pac. Century Int'l, Ltd. v. Does 1-37*,
   282 F.R.D. 189 (N.D. Ill. 2012) ..................................................................................... 4

*Pleasant Gardens Realty Corp. v. H. Kohnstamm & Co., Inc.*,
   No. 08-5582, 2009 WL 2982632 (D.N.J. Sept. 10, 2009) .............................................. 3

*Probert v. The Clorox Co.*,
   258 F.R.D. 491 (D. Utah 2009) aff'd sub nom. *Probert v. Clorox Co., Inc.*, 404 F. App'x 486
   (Fed. Cir. 2010) ................................................................................................................. 6

*Sperry v. State of Fla. ex rel. Fla. Bar*,
   373 U.S. 379 (1963) ......................................................................................................... 8

*Sterne Kessler Goldstein & Fox, PLLC v. Eastman Kodak Co.*,
   276 F.R.D. 376 (D.D.C. 2011) ......................................................................................... 7

*Unigene Labs., Inc. v. Apotex, Inc.*,
   No. 07-80218, 2007 WL 2972931 (N.D. Cal. Oct. 10, 2007) ....................................... 4, 9

*United States v. Raineri*,
   670 F.2d 702 (7th Cir.1982) ............................................................................................. 3

**Federal Rules and Regulations**

37 C.F.R. § 11.5(b)(1) ............................................................................................................. 5

37 C.F.R. § 42.57 ..................................................................................................................... 5

FED. R. CIV. P. 26(b)(1) .......................................................................................................... 4

FED. R. CIV. P. 45(d)(3) .......................................................................................................... 3

FED. R. CIV. P. 45(d)(3)(A)(iii) ..................................................................................... 1, 4, 6, 8

Dexcel Pharma Technologies Ltd. and Dexcel Ltd. (collectively, "Dexcel"), Plaintiffs in the above-captioned matter pending in the U.S. District Court for the District of New Jersey, submit this memorandum in support of their motion to quash subpoenas issued by Defendants Apotex Corp. and Apotex Inc. (collectively, "Apotex") in the referenced New Jersey action pursuant to FED. R. CIV. P. 45(d)(3)(A)(iii).

The subpoenas (Exhs. A and B to Declaration of Christopher T. Griffith in Support of Plaintiff's Motion to Quash Defendants' Subpoenas Served on D'vorah Graeser, Graeser Associates International Inc. and Dr. D. Graeser Ltd. Under FED. R. CIV. P. 45(D)(3)(A)(iii) ("Griffith Decl.")), which seek compliance in this judicial district, improperly require the disclosure of attorney-client and patent agent-client privileged information (documents and deposition testimony) from Dexcel's U.S. patent agents D'Vorah Graeser, Graeser Associates International Inc. and Dr. D. Graeser Ltd. ("collectively, "Graeser") concerning activities of Graeser for, and their communications with, Dexcel relating to the preparation and prosecution of two patents asserted by Dexcel in the New Jersey action. The subpoenas, therefore, must be quashed pursuant to Rule 45(d)(3)(A)(iii).

I. **FACTUAL BACKGROUND**

A. **The Underlying New Jersey Action**

On April 7, 2017, Dexcel initiated the above-captioned action (*Dexcel Pharma Technologies Ltd. v. Apotex Corp.*, No. 2:17-2423 (D.N.J.) ("the New Jersey Action")) alleging that Apotex infringed two Dexcel-owned patents, *i.e.*, U.S. Patents 9,023,391 ("the '391 Patent," granted May 5, 2015) and 7,255,878 ("the '878 Patent," granted August 14, 2007), collectively, the "patents-in-suit". The action was filed by Dexcel in response to Apotex's filing of an Abbreviated New Drug Application ("ANDA") with the FDA seeking approval to market a generic version of Dexcel's Omeprazole Delayed Release Tablets, 20 mg (OTC). *See* Griffith Decl., Exh. C.

1

Dr. D'vorah Graeser ("Dr. Graeser") is a U.S. patent agent, and has been registered to practice before the U.S. Patent and Trademark Office since February 14, 1996. *See* Griffith Decl., Exh. D.

Dr. Graeser filed and prosecuted the application that led to the issuance of the '878 Patent, *i.e.*, Application No. 10/018,992 ("the '992 Application"). The '992 Application was filed on February 19, 2003, and claims priority to Israeli Patent Application No. 130602, filed on June 22, 1999. *See* Griffith Decl., Exh. E. Dr. Graeser also filed and initially prosecuted the related (divisional) application that led to the '391 Patent, *i.e.*, Application No. 11/785,300 ("the '300 Application"), although Power of Attorney was transferred to the law firm Pabst Patent Group LLP before the '391 Patent issued. *See* Griffith Decl., Exh. F.

During the course of prosecuting these patent applications, Dr. Graeser owned the companies Graeser Associates International Inc. and Dr. D. Graeser Ltd., through which she worked as a U.S. registered patent agent. *See* Griffith Decl., Exh. D. While Dr. Graeser is not herself an attorney, she provided advice to Dexcel concerning the patents-in-issue during the time she worked as a patent agent, and prosecuted these patents for Dexcel.

**B.     The Subpoenas Served by Defendants**

On July 9, 2018, Apotex, in the New Jersey Action, served, within this judicial district, two third-party subpoenas on Dr. Graeser.

The first subpoena commands Dr. Graeser, along with her companies Graeser Associates International Inc. and Dr. D. Graeser Ltd., to produce documents and information by July 30, 2018, at a location within this judicial district. *See* Griffith Decl., Exh A. Requests Nos. 1-5 seek (1) "All documents and communications concerning" the '391 Patent, the '878 Patent, and "the preparation, filing, and prosecution of" the '300 Application, the '992 Application, and Israel Patent Application No. 130602, "including without limitation all communications with Dexcel,

2

Dexcel's Israeli patent counsel, and/or counsel for Related Patent Applications." Requests Nos. 6 and 7 seek documents concerning the inventorship, conception, and actual reduction to practice of the same patents and patent applications. *See* Griffith Decl., Exh. A at "Requests for Production" (and related "Definitions").

The second subpoena commands the deposition of Dr. Graeser on August 31, 2018, at a location within this judicial district. *See* Griffith Decl., Exh. B. This subpoena does not list specific topics for which testimony is sought.

Objections to both subpoenas were timely served by Dexcel, pursuant to agreement between the parties. The parties held a meet-and-confer concerning these subpoenas on July 26, 2018, but were unable to reach agreement.

## II.  ARGUMENT

### A.  Dexcel's Motion to Quash is Properly Before This Court

A party to an action has standing to quash or modify a third-party subpoena where that party infringes upon the movant's legitimate interest, *i.e.*, Dexcel's claim of privilege over the subpoenaed information. *See United States v. Raineri*, 670 F.2d 702, 712 (7th Cir.1982); *see also Ossola v. Am. Express Co.*, 149 F. Supp. 3d 934, 936–37 (N.D. Ill. 2015); *Minnesota Sch. Bds. Assoc. Ins. Trust v. Employers Ins. Co. of Wausau*, 183 F.R.D. 627, 629 (N.D. Ill. 1999) (assertion of privilege confers standing); *see also Pleasant Gardens Realty Corp. v. H. Kohnstamm & Co., Inc.*, No. 08-5582, 2009 WL 2982632, at *2 (D.N.J. Sept. 10, 2009) (holding that "because the United States is seeking to protect its property right or privilege" it had standing to object to subpoenas "even though they [were] directed to third persons"); *Haines v. Liggett Group, Inc.*, 975 F.2d 81, 90 (3d Cir. 1992) (attorney-client privilege belongs to the client). A motion seeking to quash a subpoena must be filed in the judicial district where compliance of the subpoena is required. *See* FED. R. CIV. P. 45(d)(3).

3

The Apotex subpoenas (improperly) seek disclosure of Dexcel's privileged information from Dexcel's patent agent, and were served and require compliance within this judicial district. Dexcel's motion is therefore properly before this Court.

### B. The Subpoenas Require Graeser to Disclose Dexcel Privileged Information and Must Therefore be Quashed Under FED. R. CIV. P. 45(d)(3)(A)(iii)

#### 1. Overview of Rule 45(d)(3)(A)(iii)

Rule 45(d)(3)(A)(iii) provides that "the court for the district where compliance is required must quash or modify a subpoena that: . . . requires disclosure of privileged or other protected matter." FED. R. CIV. P. 45(d)(3)(A)(iii); *see Earthy, LLC v. BB&HC, LLC*, No. 16-cv-4934, 2017 WL 4512761, at *2 (N.D. Ill. Oct. 10, 2017); *see also Apex Mortg. Corp. v. Great N. Ins. Co.*, No. 17-3376, 2018 WL 318481, at *4 (N.D. Ill. Jan. 8, 2018) (quashing subpoena that sought privileged information from Cozen O'Connor – the same law firm that issued the subpoena on behalf of Apotex in this Action). If a subpoena requests privileged information, that alone is grounds for quashing that subpoena. *See Unigene Labs., Inc. v. Apotex, Inc.*, No. 07-80218, 2007 WL 2972931, at *3, *4 n.2 (N.D. Cal. Oct. 10, 2007) (granting motion to quash subpoena upon finding that "deposition of [patent counsel] [would be] futile since any information relevant to the controversy, whether technical or legal, falls within the protection of the attorney-client privilege" … "[T]he protections of the attorney-client privilege alone warrant quashing the subpoena ….").

FED. R. CIV. P. 45 is consistent with the boundaries of discovery set forth in FED. R. CIV. P. 26(b)(1). Like Rule 45, Rule 26 does not permit the discovery of privileged material. *See* FED. R. CIV. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."); *Pac. Century Int'l, Ltd. v. Does 1-37*, 282 F.R.D. 189, 194 (N.D. Ill. 2012); *In re Queen's Univ. at Kingston*, 820 F.3d 1287, 1294 (Fed. Cir. 2016) ("[W]hile

4

the scope of permissible discovery is broad, it only encompasses documents relating to 'nonprivileged matter[s].'" (alteration in original)).

### 2. Apotex's Subpoenas Must be Quashed for Improperly Seeking Information Protected by the Patent-Agent Privilege

The Apotex subpoena (Griffith Decl., Exh. A) requiring the production of documents seeks:

- "All documents and communications concerning" the '391 Patent, the '878 Patent, and "the preparation, filing, and prosecution of" the '300 Application, the '992 Application, and Israel Patent Application No. 130602, "including without limitation all communications with Dexcel, Dexcel's Israeli patent counsel, and/or counsel for Related Patent Applications," and

- Documents concerning the inventorship, conception, and actual reduction to practice of the same patents and patent applications.

See supra, pp. 2-3.

The Federal Circuit recently confirmed the existence of a "patent-agent privilege" which unambiguously encompasses the discovery which Apotex seeks from Graeser. In *In re Queen's Univ. at Kingston*, the Federal Circuit held: "Communications between non-attorney patent agents and their clients that are in furtherance of the performance of these tasks, or 'which are reasonably necessary and incident to the preparation and prosecution of patent applications or other proceeding before the Office involving a patent application or patent in which the practitioner is authorized to participate' receive the benefit of the patent-agent privilege." *See In re Queen's Univ.*, 820 F.3d at 1301 (citing 37 C.F.R. § 11.5(b)(1) for tasks comprising practice before the USPTO, including preparing and prosecuting applications, consulting a client, drafting filings, and drafting communications for public proceedings); *see also* 37 C.F.R. § 42.57 (effective December 7, 2017) ("(a) Privileged communications. A communication between a client and a USPTO patent practitioner or a foreign jurisdiction patent practitioner that is reasonably necessary and incident to the scope of the practitioner's authority shall receive the same protections of privilege under

5

Federal law as if that communication were between a client and an attorney authorized to practice in the United States, including all limitations and exceptions.")

### (a) The Documents and Communications Sought by Apotex Are Privileged, and Thus Not Properly Discoverable

Dr. Graeser's application preparation and prosecution activities for Dexcel relating to the patents-in-suit, as Dexcel's U.S. patent agent, fall squarely within this patent-agent privilege. Thus, to the extent Graeser has copies of any documents or communications concerning the "preparation, filing, and prosecution," "any determination of inventorship," or "the conception and actual reduction to practice" of the two patents-in-suit as sought by the Apotex subpoena, such documents and communications are plainly privileged materials under *In re Queen's*. The Apotex subpoena which seeks the production of these privileged materials must be quashed under Rule 45(d)(3)(A)(iii).

### (b) Dr. Graeser's Expected Testimony Concerning Her Work in Connection with the Patents-in-Suit, and Related Communications with Dexcel, are Also Privileged and Not Properly Discoverable

As Dr. Graeser's only duties with respect to the two patents-in-suit were in her capacity as Dexcel's U.S. patent agent, Apotex's subpoena for her testimony (though no topics are identified on the subpoena) can only be seeking testimony regarding her work in furtherance of her prosecution of the two patents-in-suit. Any such testimony would likewise disclose patent-agent privileged information under *In re* Queen's, and as such is not discoverable.

Indeed, courts have recognized that a prosecuting attorney cannot be deposed about his or her role in prosecuting a patent without risking the disclosure of information "protected by the attorney-client privilege." *Probert v. The Clorox Co.*, 258 F.R.D. 491, 498 (D. Utah 2009) aff'd sub nom. *Probert v. Clorox Co., Inc.*, 404 F. App'x 486 (Fed. Cir. 2010) (denying motion to compel deposition of prosecuting attorney, where party failed to demonstrate that "information

6

regarding the invention, prosecution, and interpretation of the [patent] is not protected by the attorney-client privilege"); *see also Games2U, Inc. v. Game Truck Licensing, LLC*, No. 13-00053, 2013 WL 4046655, at *8-*9 (D. Ariz. Aug. 9, 2013) (granting motion to quash subpoena on patent counsel because questions asked during deposition "would repeatedly implicate attorney-client privilege" in that counsel's "discussions with [the client/defendant] about patentability of its invention and prior art or other technical documents shared in that context would be privileged"). Following this reasoning, courts have quashed subpoenas issued to patent prosecution counsel and agents. *See, e.g., Sterne Kessler Goldstein & Fox, PLLC v. Eastman Kodak Co.*, 276 F.R.D. 376, 385 (D.D.C. 2011) (quashing a subpoena to former patent counsel and finding the possibility of uncovering unspecified "non-privileged, factual information" from patent counsel "insufficient to overcome the potential risks that the Federal Rules were intended to protect against").

That Dr. Graeser prosecuted the patents-in-suit is beyond dispute. Consequently, any testimony concerning communications between Dexcel and Graeser regarding the '300 Application, the '992 Application, the '391 Patent, or the '878 Patent that reveals, directly or indirectly, communications incident to the preparation and prosecution of these documents, or any enforcement of the same, is protected from discovery by the patent-agent privilege. The subpoena seeking the testimony of Dr. Graeser on privileged subject matter therefore must be quashed under Rule 45(d)(3)(A)(iii).

### 3. Apotex's Subpoenas Must be Quashed for Improperly Seeking Information Protected by the Attorney-Client Privilege

This Court has held that communications between patent agents and their clients are protected by the attorney-client privilege. "[W]here legal advice is sought from a patent agent in his capacity as such, the communications relating to that purpose, made in confidence by the client, are at his instance permanently protected from disclosure by himself or by the patent agent,

7

except the protection be waived." *See Mold-Masters Ltd. v. Husky Injection Molding Sys., Ltd.*, No. 01 C 1576, 2001 WL 1268587, at *5 (N.D. Ill. Nov. 15, 2001) (denying motion to compel production of documents and things, and confirming objection asserting attorney-client privilege protection of communications to and from patent agent who prosecuted the patents-in-suit)[1]; *see also Sperry v. State of Fla. ex rel. Fla. Bar*, 373 U.S. 379, 383 (1963) (supporting the notion that "the preparation and prosecution of patent applications for others constitutes practice of law); *In re Queens*, 820 F.3d at 1295 (noting, "where a patent agent communicates with counsel or receives communications between his client and counsel, the attorney-client privilege may protect those communications from discovery."). Based on this Court's precedent, Graeser's documents, communications, and potential testimony regarding the two patents-at-issue are protected by attorney-client privilege, and subpoenas directed to discovering this privileged information must be quashed pursuant to Rule 45(d)(3)(A)(iii).

### 4. The Documents and Communications Sought by the Apotex Subpoenas Have Been Found by Courts to Constitute Non-Discoverable Privileged Information

There is ample legal authority for protecting patent prosecution materials from discovery on the basis that they constitute privileged information. These materials include the same information sought by Apotex, for example, invention records, documents relating to the preparation of the application and claims, documents relating to prosecution of the application (such as the preparation of responses to office actions issued by various patent offices), and client communications relating thereto. *See In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800, 805

---

[1] Whereas the Federal Circuit in *In re Queen's* confirmed the existence of a "patent-agent" privilege, in cases preceding *In re Queen's*, many courts protected non-attorney patent agent communications as "attorney-client" privileged, as this Court did in *Mold-Masters Ltd.* 2001 WL 1268587, at *5; *see, e.g., Buyer's Direct Inc. v. Belk, Inc.*, No. 12-00370, 2012 WL 1416639, at *2–3 (C.D. Cal. Apr. 24, 2012); *see also In re Queen's*, 820 F.3d at 1292 (recognizing split among district courts as to applicability of privilege to patent agent communications).

(Fed. Cir. 2000) ("We therefore hold that an invention record constitutes a privileged communication, as long as it is provided to an attorney for the purpose of securing primarily legal opinion, or legal services, or assistance in a legal proceeding." (internal quotation marks omitted)); *McCook Metals L.L.C. v. Alcoa Inc.*, 192 F.R.D. 242, 252–53 (N.D. Ill. 2000) (draft patent application materials determined to be privileged).

Courts have been equally careful to protect information concerning patents or patent prosecution that reflects or is informed by attorney-client communications, such as communications with inventors. For example, in *Mendenhall v. Barber-Greene Co.*, 531 F. Supp. 948, 949 (N.D. Ill. 1981), the court denied a motion to compel testimony of a patent prosecutor, finding that the attorney-client privilege prevented testimony as to his knowledge of prior art, which information came directly from communications with his client. Similarly, the court in *Unigene Labs.* quashed a subpoena to the drafter of a Certification Letter because there was no "non-privileged, relevant information she could offer," and "any information relevant to the controversy, whether technical or legal, falls within the protection of the attorney-client privilege." *Unigene Labs., Inc.*, 2007 WL 2972931, at *3. As the Apotex subpoenas seek discovery of privileged information, they must be quashed.

### III. CONCLUSION

The subpoenas implicate Graeser's privileged communications with Dexcel, Dexcel's patent prosecution strategy, and discussions between the two regarding the history and scope of the patents-in-suit. Apotex can obtain any non-privileged information concerning the patents-in-suit from other sources which do not implicate the attorney-client privilege. Specifically, the prosecution histories of the patent-in-suit are publicly available – and Dexcel previously produced to Apotex non-privileged documents relating to the two patents-in-suit in the New Jersey Action. In addition, and beyond the publicly available documents, Dexcel counsel is advised that Dr.

9

Graeser does not possess any non-privileged, non-public, documents related to the prosecution of the two patents-in-suit.

For the reasons set forth above, Dexcel respectfully requests that the Court grant its motion to quash the third-party subpoenas served by Apotex on its U.S. patent agents D'Vorah Graeser, Graeser Associates International Inc. and Dr. D. Graeser Ltd.

Dated: July 30, 2018                    By:    s/Christopher T. Griffith
                                               Robert F. Green
                                               Christopher T. Griffith
                                               Caryn Borg-Breen
                                               Timothy J. O'Brien
                                               GREEN, GRIFFITH & BORG-BREEN LLP
                                               City Place, Suite 3900
                                               676 North Michigan Avenue
                                               Chicago, IL 60611
                                               (312) 883-8000
                                               rgreen@greengriffith.com
                                               cgriffith@greengriffith.com
                                               cborg-breen@greengriffith.com
                                               tobrien@greengriffith.com

                                               *Of Counsel:*

                                               F. Dominic Cerrito
                                               Eric C. Stops
                                               Catherine T. Mattes
                                               Brian J. Forsatz
                                               QUINN EMANUEL URQUHART
                                                 & SULLIVAN LLP
                                               51 Madison Avenue
                                               22nd Floor
                                               New York, New York 10010
                                               (212) 849-7000

                                               *Attorneys for Dexcel Pharma Technologies Ltd. and Dexcel Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and served a true and correct copy of the foregoing by e-mail and by overnight service, postage prepaid, and properly addressed, to the following:

| | | |
|---|---|---|
| Ryan P. Blaney<br>**COZEN O'CONNOR**<br>1200 Nineteenth Street, N.W.<br>3rd Floor<br>Washington, D.C. 20036<br>rblaney@cozen.com | Kerry B. McTigue<br>Barry P. Golob<br>W. Blake Coblentz<br>Aaron S. Lukas<br>Eric Choi<br>**COZEN O'CONNOR**<br>1200 Nineteenth Street, N.W.<br>Washington, D.C. 20036'<br>kmctigue@cozen.com<br>bgolob@cozen.com<br>wcoblentz@cozen.com<br>alukas@cozen.com<br>echoi@cozen.com | Keri L. Schaubert<br>**COZEN O'CONNOR**<br>277 Park Avenue<br>New York, NY 10172<br>kschaubert@cozen.com |

*s/Christopher T. Griffith*
Christopher T. Griffith
**GREEN, GRIFFITH & BORG-BREEN LLP**
676 North Michigan Avenue, Suite 3900
Chicago, Illinois 60611
Telephone: (312) 883-8000
Facsimile: (312) 883-8001
cgriffith@greengriffith.com
